**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BODINE ELECTRIC COMPANY, ) | |
| ) | **Case No. 09cv3055** |
| Plaintiff, ) | |
| ) | The Honorable William J. Hibbler |
| v. ) | United States District Judge |
| ) | |
| ) | The Honorable Susan E. Cox |
| VIKING ACCESS SYSTEMS, LLC, ) | United States Magistrate Judge |
| ) | |
| Defendant. ) | Complaint Filed: April 15, 2009 |
| ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

Defendant, Viking Access Systems, LLC ("Viking" or "Defendant") submits this Memorandum of Law In Opposition To Plaintiff's Motion To Remand, filed concurrently with Defendant's Motion to Dismiss or transfer pursuant to FED. R. CIV. P. 12(b)(2)-(3) and 28 U.S.C § 1404.

**I.
INTRODUCTION**

On April 15, 2009, Plaintiff Bodine Electric Company ("Bodine" or "Plaintiff") filed a complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division against Defendant, alleging breach of contract. Viking filed a petition for removal of this action from the Circuit Court of Cook County, Illinois, on May 20, 2009. On June 19, 2009, Plaintiff filed its Motion to Remand ("Motion") this case to the Circuit Court of Cook County. Defendant's argument is two-fold.

First, Bodine, frivolously, argues that Viking's allegation of diversity of citizenship is insufficient to support removal because Viking's language in its Notice of Removal, which alleges citizenship of all the members of its limited liability company ("LLC"), is stated in "conclusory fashion." The language that Bodine refers to states: "[n]one of the members of the defendant, Viking, are citizens of Illinois." This language is not "conclusory." Pursuant to 28 U.S.C. §1446, Defendant's notice of removal need only contain "a short and plain statement of

the grounds for removal." Id. Defendant's Notice of Removal plainly states that removal is sought based on diversity of citizenship and further alleges complete diversity between Plaintiff and Defendant. This is sufficient under Federal Procedure.

However, in the event this court requires more specific language from Viking in respect to its allegation of the citizenship of its LLC members, Viking submits the declaration of its sole member, Ali Tehranchi, attached herewith as Exhibit 1. As Tehranchi's Declaration unquestionably demonstrates, Mr. Tehranchi is the sole member of Viking Access Systems, LLC, and Mr. Tehranchi resides, and has always resided, in California.

Plaintiff's second argument is premised on a choice of venue provision, printed on the back of its invoices and provided to Viking after formation of the contract, specifying that venue of any disputes shall lie in the courts located in Cook County, Illinois. The forum provision states: "…The Company and buyer agree that venue for all disputes arising hereunder shall lie in courts located in Cook County, within the State of Illinois." (Ex. A to Compl. ¶ 17.)

Plaintiff's argument, as more fully explained below, suffers from two fatal defects. First, Plaintiff's venue provision is an after formation attempt to modify or add additional material terms, and, therefore, is not a part of the contract between the parties. Second, and more importantly, assuming, *arguendo*, the forum provision was part of the contract between the parties, the plain meaning of the provision, as well as prior case law interpreting similar provisions, includes federal courts within Cook County, Illinois. Under a plain meaning interpretation of the forum provision, venue is not limited to state courts in Cook County, Illinois.

## II.
## ARGUMENT

### A. The Forum Provision Was Never Part Of The Contract Between The Parties.

In Viking's Motion to Dismiss, and Brief in Support, filed concurrently herewith, Viking clearly sets forth, in sections II(B)(i)-(iii) of its Brief, why Plaintiff's forum provision was never part of the contract between the parties. For considerations of judicial economy, Viking hereby incorporates said sections into this motion.

### B.  In The Alternative, The Plain Meaning Of The Forum Provision Clearly Contemplates Jurisdiction Beyond the Circuit Court of Cook County.

In case the Court finds the forum provision binding on Viking, the plain meaning of the forum provision should be interpreted to render removal to this Court proper. The case Truserv Corp. v. Prices Ilfeld Hardware Co., Inc., No. 01 Civ. 50271, 2001 WL 1298718 *1 (N.D. Ill. Oct. 24, 2001), with near identical facts to this case, is on point. (Attached hereto as Exhibit 2 is a true and accurate copy of Truserv).

At the outset, it is useful to compare the language in the forum provision in this case and in Truserv. The forum provision at issue in Truserv stated: "This Agreement shall be enforced against either [party], only in *courts located in Cook County* or any Illinois county contiguous to Cook County, Illinois, and only be interpreted in accordance with the substantive laws of Illinois without giving effect to its conflict of law principles." Truserv, 2001 WL 1298718 at *1. The language in the forum provision in this case, in pertinent parts, states: "The Company and buyer agree that venue for all disputes arising hereunder shall lie in *courts located in Cook County*, within the State of Illinois." (Ex. A to Compl. ¶ 17.)  The meaning of these two clauses is identical: *courts located in Cook County*, Illinois. Importantly, the language in the Truserv provision is broader because it includes any Illinois county contiguous to Cook County, Illinois. Clearly, Northern District of Illinois is a court located in Cook County, Illinois.

In Truserv, the defendant removed a breach of contract action that was pending in the Nineteenth Judicial District, McHenry County, Illinois to this Court. The plaintiff filed a motion to remand on the grounds that the forum selection clause in the parties' contract, which is stated above, provided for exclusive jurisdiction in state court.

The Court acknowledged that federal courts are split as to whether a forum selection clause's reference to a county, without more, includes federal as well as state courts. Ultimately, however, the Court cited the following cases and affirmed the rationale that the mere designation of a county as the appropriate venue does not constitute a waiver of a party's right to remove an action to the federal court embracing that county: Regis Assoc. v. Rank Hotels (Mgmt) Ltd., 894 F.2d 193, 195-96 (6th Cir.1990) ("clause stating that parties 'hereby submit to the jurisdiction of the Michigan Courts held to include federal district courts in Michigan"); Links Design, Inc. v. Lahr, 731 F.Supp. 1535, 1536 (M.D.Fla.1990) ("clause stating that the proper venue for any legal action in connection with agreement 'shall be Polk County, Florida' held to include federal

district court for the district including Polk County"); Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers v. Koski Constr. Co., 474 F. Supp. 370, 371-72 (W.D. Pa.1979) ("clause stating that proper venue for any action for violations of the agreement 'shall be in Erie County, Pennsylvania' held to include federal district court for the Western District of Pennsylvania"). Id.

The Truserv Court concluded that the forum selection clause did not designate the state court as the sole and exclusive forum for litigating a dispute under the parties' agreement, and it rejected the plaintiff's argument that the defendant had waived its right to removal. Id. at *2. Indeed, the Court determined that the absence of an express provision prohibiting removal to a federal court rendered the forum selection clause ambiguous, and the Court construed the ambiguity against the drafter, *i.e.*, the plaintiff. Id.

Significantly, the Court held that, "[h]ad [plaintiff] wanted to preclude [defendant] from being able to sue in federal court, it should have stated so more clearly." Id.; see also Newman/Haas Racing v. Unelko Corp., 813 F. Supp. 1345, fn. 3 (N.D. Ill. 1993) (declaring that even if forum selection clause is subject to two reasonable interpretations, Illinois contract law requires that it be construed against the drafter); Jumara v. State Farm Ins. Co., 55 F.3d 873, 881 (3d Cir. 1995) (insurance policy provision stating that "a judge of court of record in [Luzerne County, Pennsylvania]" may select a neutral arbitrator "includes the United States District Court for the Middle District of Pennsylvania, the federal judicial district that encompasses Luzerne County."); Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 78 (9thCir. 1987) ("In cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required exclusive jurisdiction") (emphasis added); City of New York v. Pullman, 477 F. Supp. 438, 443 (S.D.N.Y. 1979) ("The normal construction of the jurisdiction rules includes a presumption that, where jurisdiction exists, it cannot be ousted or waived absent a clear indication of such a purpose.").

Interestingly, in Truserv, the federal court was neither within Cook County, nor in counties contiguous to Cook County. Rather, that court division situs was Winnebago County, Illinois. The Court still found removal proper. The Court rationalized:

> "Locate" is defined as, "to determine or indicate the place, site, or limits of." WEBSTER'S NEW COLLEGIATE, DICTIONARY 669 (1979). This division's limits extend to and include McHenry County, which is contiguous to Cook

4

County. Thus, this division falls within the ambit of the forum selection clause. Truserv's motion to remand is denied. Id. 2001 WL 1298718 at *6.

Here, under near identical contract language as that in the forum provision in Truserv, Viking has removed to a court sitting in Cook County, Illinois, only a few blocks away for the state court where Boding filed the action. If removal was proper in Truserv, it should certainly be proper in this case as well.

### C. The Parties' Forum Selection Clause Is Ambiguous And The Ambiguity Must Be Construed Against Progressive As Its Drafter

According to Newman/Haas Racing v. Unelko Corp., ambiguity in interpreting a provision must be construed against the drafting party, which, in this case, is Plaintiff. Id. 813 F. Supp. 1345, fn. 3. Plaintiff's forum selection clause does **not** provide that any dispute under the transactions between parties must be litigated in the Circuit Court of Cook County, Illinois, County Department, Law Division. Further, the forum selection clause does not expressly prohibit removal to this Court. Rather, the provision simply designates Cook County as the appropriate venue, which, under 28 U.S.C. § 1441, is defined as "the district and division embracing the place where such action is pending."

Under the standards set forth in Truserv, the forum selection clause is clearly ambiguous. Indeed, the forum selection clause does not identify **any** courts as the sole court of competent jurisdiction, let alone vest the Circuit Court of Cook County, Illinois, County Department, Law Division with exclusive jurisdiction over the parties. Cf. Roberts & Schaefer Co. v. Merit contracting, Inc., 99 F.3d 248 (7th Cir. 1996)(granting motion to remand under rationale that the parties' forum selection clause expressly "vested exclusive jurisdiction in Illinois state Circuit Courts.")

More importantly, Plaintiff, in its Motion, essentially admits that the forum provision language is ambiguous because it states "The language could be more artful, but the meaning is plain—[T]he court system of Cook County." (Plaintiff's Motion to Remand ¶ 6.) However, the meaning is not plain. "[C]ourts located in Cook County" is not the same as "The court system of Cook County." The former would comprise the Northern District of Illinois, where the latter does not.

Bodine's use of the word "located" in the forum selection clause does not bar removal, as the term can reasonably be interpreted to include the federal court that embraces Cook County,

*i.e.*, the Northern District, Eastern Division, which not only embraces Cook County, but is only blocks away from the state court where Plaintiff filed its complaint. See 28 U.S.C. § 1441. Accordingly, the ambiguity should be construed against Bodine as the drafter of the clause.

## III.
## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion to Remand.

Date: July 15, 2009

Respectfully submitted,

VIKING ACCESS SYSTEMS, LLC

By: ___s/Christopher S. Naveja_____
      One of its Attorneys

Christopher S. Naveja
Arnstein & Lehr LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
Illinois Bar No. 6229936
Telephone: (312) 876-7100
Facsimile: (312) 876-0288
csnaveja@arnstein.com

David V. Jafari
Jafari Law Group, Inc.
801 N. Parkcenter Drive, Suite 220
Santa Ana, California 92705
Telephone: (714) 542-2265
Facsimile: (714) 542-2286
(subject to admission pro hac vice)
California State Bar No. 207881
djafari@jafarilawgroup.com

Karin C. Khan
Jafari Law Group, Inc.
801 N. Parkcenter Drive, Suite 220
Santa Ana, California 92705
Telephone: (714) 542-2265
Facsimile: (714) 542-2286
(subject to admission pro hac vice)
California State Bar No. 247155
kkhan@jafarilawgroup.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing **Defendant, VIKING ACCESS SYSTEMS, LLC's, ("Viking"), Memorandum of Law in Opposition to Plaintiff's Motion to Remand** was filed electronically this 15th day of July, 2009. Notice of this filing will be sent to all parties by operation of the Northern District of Illinois Court's CM/ECF system. Parties may access this filing through the court's electronic system.

Marcos Reilly
Stephen D. Vernon
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Email: mreilly@hinshawlaw.com
Email: svernon@hinshawlaw.com

Dated: July 15, 2009                               By: ____s/Christopher S. Naveja_____
                                                                    One of its Attorneys