IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BODINE ELECTRIC COMPANY, | ) |
| Plaintiff | ) ) ) |
| | ) No. 09 C 3055 |
| v. | ) ) The Honorable William J. Hibbler |
| VIKING ACCESS SYSTEMS, LLC, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Bodine Electric Company sued Viking Access Systems in the Circuit Court of Cook County, Illinois, alleging that Viking Access had failed to pay invoices for goods delivered by Bodine. Viking Access removed the suit from the state court to this Court. Bodine moves to remand.

Bodine first argues that Viking Access has not sufficiently alleged the jurisdictional basis for its removal. Viking Access, a limited liability corporation, alleges in its notice of removal that it is a citizen of California, noting that it is organized there and has its principal place of business there. Viking Access further alleges that none of its members are citizens of Illinois. Bodine claims this allegation is insufficient, though does not contest its truthfulness. The Court disagrees.

The Federal Rules require a short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). Under 28 U.S.C. § 1332, diversity of citizenship exists if the controversy is between citizens of different states or between citizens of one state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(1)-(2). Here, Viking Access has pleaded that none of its members are citizens of Illinois. Bodine suggests that this allegation is "conclusory." It is not. A conclusory

1

allegation offers only a legal conclusion: 'the parties are diverse,' for example. Viking Access's allegation is factual in that it informs the Court and Bodine that none of its members are citizens of Illinois.[1]

Bodine next argues that a forum selection clause requires the Court to remand its claim to the state court. The clause is found in the terms and conditions attached to the invoices sent by Bodine to Viking Access. It reads: 17) Governing Law; Venue- The law of the State of Illinois shall be deemed applicable to all aspects of the transactions to which these Terms and Conditions of Sale relate, and all products delivered hereunder. The Company and buyer agree that venue for all disputes arising hereunder shall lie in courts located in Cook County, within the State of Illinois." Viking Access contends that this clause is ambiguous because it refers only to "courts located in Cook County," and does not distinguish between state and federal courts.

Courts in this circuit have wrestled frequently with clauses similar to the clause at issue here and have arrived at inconsistent results. *See, e.g., Wausau Steel Corp. v. Roper Whitney of Rockford, Inc.*, No. 09 C 273, 2009 WL 2197368, at *2-3 (W.D. Wis. Jul. 23, 2009) (remanding claim to state court located in Marathon County); *Spenta Enterprises, Ltd. v. Coleman*, 574 F. Supp. 2d 851, 855-856 (N.D. Ill. 2008) (remanding claim to state court located in DuPage County, but recognizing that no federal court sits in DuPage county); *Gator Wash, LLC v. Lighthouse Carwash Sys., Inc.*, No. 97 C 1494, 2008 WL 506070, at * 1 (S.D. Ind. Feb. 20, 2008) (remanding claim to specific county because no federal district named); *Rochester Cmty. Sch. Corp. v. Honeywell, Inc.*, No. 06 C 351, 2007 WL

---

[1] Viking Access attaches an affidavit it its response to the motion to remand in which it presents information about its sole member. Pleading in the negative might conserve space if a limited liability corporation had tens or hundreds of members. It makes little sense if the LLC contains a sole member, for it invites arguments such as this one that waste both the parties' and the Court's time and resources.

2

2473464, at * 6 (N.D. Ind. Aug. 27, 2007) (declining to remand where forum selection clause did not unambiguously preclude litigation in federal forum); *Progressive Publ'ns, Inc. v. Capitol Color Mail, Inc.*, 500 F. Supp. 2d 1004, 1006 (N.D. Ill. 2007) (remanding claim where forum selection clause refers to specific county); *AGA Shareholders, LLC v. CSK Auto, Inc.*, 467 F. Supp. 2d 834, 849 (N.D. Ill. 2006) (transferring case to District of Arizona where forum selection clause provided for jurisdiction in "the Courts of Maricopa County, Arizona"); *Sompo Japan Ins., Inc. v. Alarm Detection Sys., Inc.*, No. 03 C 2322, 2003 WL 21877615, at * 1-2 (N.D. Ill. Aug. 6, 2003) (remanding case to Kane County because no federal court sits in Kane County); *Truserv Corp. v. Prices Ilfeld Hardware Co.*, No. 01 C 50271, 2001 WL 1298718, at * 1-2 (N.D. Ill. Oct. 24, 2001) (finding forum selection clause ambiguous and declining to remand).

Courts that have remanded claims to state courts where a forum selection clause specifies a county reason that in federal court venue is stated in terms of judicial districts and not in terms of counties. *See Progressive Publ'ns, Inc.*, 500 F. Supp. 2d at 1006 (quoting *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3 d 318, 321 (10th Cir. 1997). Such courts reason that when parties identify a specific county, they intend for venue to lie only in the state court. *Progressive Publ'ns, Inc.*, 500 F. Supp. 2d at 1005. These decisions, however, frequently involve suits brought in a county where no federal court physically sits, which is not the case here. *See Spenta Enterprises, Ltd.*, 574 F. Supp. 2d at 855-56; *Progressive Publ'ns, Inc.*, 500 F. Supp. 2d at 1005; *Sompo Japan Ins., Inc.*, 2003 WL 21877615, at * 1-2.

On the other hand, Courts that have declined to remand such claims to state courts reason forum clause that identify only a place and not a particular court are ambiguous. *See Rochester Cmty. Sch. Corp.*, 2007 WL 2473464, at * 6; *Truserv Corp.*, 2001 WL 1298718, at *1-2. These courts reason that

3

a defendant has a statutory right to removal under 28 U.S.C. § 1441 and that unless the forum selection clause is "clear and specific" a defendant does not waive this statutory right. *See Rochester Cmty. Sch. Corp.*, 2007 WL 2473464, at * 6; *Truserv Corp.*, 2001 WL 1298718, at *1-2. Further, the phrase "located in" implies a specific place, not a specific forum. Webster's defines "locate" as "'to determine or indicate the place, site, or limits of.'" *Truserv Corp.*, 2001 WL 1298718, at *1-2 (quoting WEBSTER'S NEW COLLEGIATE DICTIONARY 669 (1979)). The drafter of a forum selection clause can state its intent clearly, and when it fails to remove an ambiguity courts should construe that ambiguity against it. *See Rochester Cmty. Sch. Corp.*, 2007 WL 2473464, at * 6; *Truserv Corp.*, 2001 WL 1298718, at *1-2. Indeed, the Seventh Circuit notes that "[t]he purpose of requiring that a forum selection clause be 'clear and specific' is to head off disputes over where the forum selection clause directs that the suit be brought." *IFC Credit Corp. v. Aliano Bros. Gen. Contractors*, 437 F.3d 606, 612 (7th Cir. 2006).

The Court finds the reasoning of the courts that have declined to remand more persuasive. Bodine had control over the clause that it drafted. It could have removed any ambiguity if it had stated that disputes shall be resolved in "a state court located in Cook County" or "the Circuit Court of Cook County." For whatever reason, it chose not to remove the ambiguity from its contractual language. What is more, at least three courts in this circuit have declined to remand claims where the forum selection clause was similarly ambiguous. These cases more than adequately have put Bodine on notice of the ambiguity of its forum selection clause, affording it the opportunity to amend the clause or make it more clear. Again, it chose not to do so. Finally, several of the courts that did remand reason, at least in part, that forum selection clause was not ambiguous because no federal court sat in the county where the plaintiff originally filed. That reasoning does not apply in this case.

4

No less than eight times in the past eight years has a similar forum clause been the center of a dispute over the proper forum for litigation. Such disputes consume valuable court resources. The Court will not countenance sloppy draftsmanship and invite future litigants to continue drafting ambiguous forum selection clauses. Bodine had the opportunity to draft a forum selection clause that was clear and specific and did not do so. This Court "is located" in Cook County and venue is therefore appropriate here under the forum selection clause. The Court DENIES its motion to remand.

IT IS SO ORDERED.

9/22/09
Dated

Hon. William J. Hibbler
U.S. District Court